IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT FLETCHER, | ) | |
| | ) | |
| Plaintiff, | ) | 7:05CV5024 |
| vs. | ) | |
| | ) | MEMORANDUM & ORDER |
| BROWN COUNTY, CHERRY COUNTY, | ) | |
| DAVID STREICH, ERIC SCOTT, | ) | |
| STEVE HAPNER, and JOE KREYCIK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendants' motion to dismiss. Filing Nos. 88 (by defendants Streich, Hapner and Brown County) and 92 (by defendants Scott, Kreycik, and Cherry County). Defendants move to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's second amended complaint alleges defendants unlawfully searched his daughter and his residence/commercial business, in violation of 42 U.S.C. § 1983, pursuant to allegations that he committed child abuse. Plaintiff, in his second amended complaint, sued Brown County, Nebraska; Cherry County, Nebraska; Steve Hapner, Sheriff of Brown County; David Streich, County Attorney of Brown County; Eric Scott, County Attorney of Cherry County; and Joe Kreycik Deputy Sheriff of Cherry County.

### *Standard of Review*

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec* Co., 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which

would entitle the plaintiff to relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.*

### *Discussion*

#### A. Alice Fletcher

Plaintiff argues that the previous dismissal of minor plaintiff Alice Fletcher by this court, Filing No. 72, occurred because Robert Fletcher acted pro se on Alice Fletcher's behalf. Plaintiff argues that he has now retained counsel for himself and for his daughter. Plaintiff states that the claims are intertwined and the court would be better served by allowing the claims of Alice Fletcher to go forward in this case.

The court previously dismissed Alice Fletcher from this lawsuit as a plaintiff. Filing No. 72. Plaintiff has filed no motion for reconsideration or any motion to join a party based on changed circumstances. Alice Fletcher did not file a new complaint, did not attempt to join this complaint, and no service has been effectuated on the defendants by Alice Fletcher. Alice Fletcher did not appeal the ruling of this court to dismiss her from the lawsuit and such time for appeal has elapsed. The court agrees with the defendants that there is no claim pending in this case by Alice Fletcher. Robert Fletcher is the only remaining plaintiff in this case, and the court will proceed on that basis.

#### B. § 1983 Claims

Plaintiff has sued the defendant counties and the individual defendants in their official and in their individual capacities under 42 U.S.C. § 1983. Plaintiff requests both damages and injunctive relief. Pursuant to 42 U.S.C. § 1983, the law imposes civil liability on any person who "under color of any statute, ordinance, regulation, custom, or usage,

of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." The "essential elements of a 1983 claim are: (1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right"). *Kuha v. City of Minnetonka*, 365 F.3d 590, 606 (8th Cir. 2003).

Qualified immunity shields governmental officials from personal liability if their actions, even if unlawful, were nevertheless objectively reasonable in light of the clearly established law at the time of the events in question. *Anderson v. Creighton*, 483 U.S. 635, 638-41 (1987). Public officials are entitled to qualified immunity in suits against them in their individual capacity as long as their actions do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is an affirmative defense to be granted in a motion to dismiss only when the immunity can be established on the face of the complaint. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

The qualified immunity analysis is a two-step process. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997). "The threshold question is whether the plaintiff has alleged the violation of a constitutional right." *Id.* If so, the court determines whether that right was "clearly established" at the time of the alleged violation. *Id.* This is a flexible standard and is to be applied to a particular defendant's conduct based on the applicable legal principles. *Id.* "Qualified immunity is usually raised by a motion for summary judgment after a limited amount of discovery has been conducted to determine whether defendants acted objectively in a reasonable manner and whether

a plaintiff's rights were clearly established at the time of the alleged deprivation." *Id.* at 1309.  Courts take a broad view of what constitutes "clearly established" under the qualified immunity analysis and the test will favor a plaintiff when the test is based solely on the allegations in the complaint.  *Id.*

The law is clear that individuals have a Fourth Amendment right to be free of illegal searches.  *Minnesota v. Carter*, 525 U.S. 83, 88 (1998).  In addition, parents have an interest in "the care, custody and management of their children."  *Manzano v. South Dakota Dept. of Social Services*, 60 F.3d 505, 509 (8th Cir. 1995).  Plaintiff alleges that these rights have been violated.  Defendants contend that such rights are not absolute and that there is a balancing with the need to protect minor children.  *Id.* at 510.  Plaintiff also contends that both counties have a pattern and practice, through the county attorneys' offices, of permitting warrantless searches in alleged child abuse cases.

A county cannot be held vicariously liable under § 1983.  *Williams v. Butler*, 863 F.2d 1398, 1400 (8th Cir. 1988).  There must be a policy or custom that violates a constitutional right for local government to be liable.  *Arits v. Francis Howell North Band Booster Assoc., Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998).  This policy must cause the constitutional deprivation.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  Defendants claim that the second amended complaint alleges no facts that would support a finding of liability.  However, plaintiff alleges in his second amended complaint that there is a custom or policy by both counties that permits searches in abuse cases without a warrant.

Although the court finds the allegations and arguments of the plaintiff tenuous, the court is going to permit the lawsuit to proceed.  The court concludes that plaintiff has

4

sufficiently alleged facts regarding custom and policy for purposes of a 12(b)(6) motion. The court is without sufficient facts as to the exact role the county attorneys and law enforcement in this case and without sufficient information as to exactly what transpired to cause the search in the first instance.  Absent such facts, the court is unable to rule on the qualified immunity issue.  Accordingly, the court is going to instruct the magistrate in this case to issue a progression order requiring the parties to conduct limited discovery relating to the issue of qualified immunity.  Upon conclusion of such discovery, the parties may file whatever motions are appropriate.

THEREFORE, IT IS ORDERED:

1.  The defendants' motions to dismiss, Filing Nos. 88 and 92, are denied in part and granted in part as set forth herein; and

2.  The magistrate shall issue a progression order in accordance with this memorandum and order.

DATED this 25th day of October, 2006.

BY THE COURT:

s/Joseph F. Bataillon
Chief U.S. District Judge