### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ROBERT FLETCHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **7:05CV5024** |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **BROWN COUNTY, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court following a telephone conference with counsel on November 1, 2006.

**IT IS ORDERED:**

1. Defendants shall file any dispositive motion based on qualified immunity **on or before November 17, 2006**.

2. Any discovery required to respond to any motion based on qualified immunity shall be concluded **on or before January 8, 2007**.

3. Plaintiff shall have to **on or before January 19, 2007**, in which to respond to any dispositive motion based on qualified immunity.

4. Defendants shall have to **on or before January 31, 2007**, in which to reply to plaintiff's response in paragraph 3 above.

5. **Mandatory Disclosures** described in Fed. R. Civ. P. 26(a)(1) shall be served by **November 30, 2006**.

6. The **filing of disclosures** under Fed. R. Civ. P. 26(a)(1), and (2), as well as the filing of discovery documents, depositions, and disclosures required by this order shall be governed by NECivR 26.1. The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be filed when served. **Note: Disclosures that are filed should be redacted so no personal information (e.g., home addresses, phone numbers, Social Security numbers, etc.) is made part of the public record.**

7. **Withholding Documents from Disclosure or Discovery.** If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of

its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

8. **Limits on Discovery.** Each party is limited to serving **twenty-five (25)** interrogatories on any other party. The plaintiffs as a group, and the defendants as a group, are each limited to taking **ten (10)** depositions in this case, without leave of court.

9. **Planning Conference.** A telephone conference with the undersigned magistrate judge will be held **ten working days following the court's ruling on any dispositive motions based on qualified immunity** for the purpose of reviewing the preparation of the case to date and the scheduling of the case to trial. **Plaintiff's counsel shall schedule and initiate the telephone conference.** (At the request of the parties, the conference may be held in chambers). Prior to the conference counsel for the parties shall have:

    a. Disclosed the names, addresses, and affiliations with any party of all non-expert witnesses;
    b. Disclosed at least the names and addresses of all expert witnesses expected to testify for that party at trial;
    c. Completed a conference with opposing counsel concerning outstanding discovery disputes as required by NECivR 7.1(i);
    d. Discussed with opposing counsel plans for completing the depositions of expert witnesses and other remaining discovery and the filing of motions for summary judgment;
    e. Discussed with opposing counsel any other matters which may influence the setting of this case for trial.

10. **Motions to alter dates**. All requests for changes of deadlines established by this order shall be directed to the magistrate judge by appropriate motion.

DATED this 1st day of November, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge