### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ROBERT FLETCHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **7:05CV5024** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **BROWN COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

This matter is before the court on the plaintiff's Motion to Extend Deadline for discovery (Filing No. 111). The plaintiff seeks an extension of the deadline related to any discovery required for any motion based on qualified immunity for thirty days. On November 1, 2006, the court entered an order setting the discovery deadline for January 8, 2007. **See** Filing No. 105. Although the deadline for filing a motion based on qualified immunity was later extended, the discovery deadline remained unchanged. **See** Filing No. 108.

The plaintiff contends an additional thirty days is necessary for discovery because during depositions taken on December 27, 2006, by the defendants, the plaintiff determined additional depositions would be necessary. **See** Filing No. 111. The defendants oppose an extension of time and filed an Objection (Filing No. 112), a brief (Filing No. 114) and an index of evidence (Filing No. 113). The defendants contend the plaintiff has failed to show good cause for an extension of time because the plaintiff has not diligently participated in discovery. Specifically, the defendants state that as of the date of the response, January 2, 2007, the plaintiff had only requested to take two depositions and both deponents were available in early December. However, the plaintiff did not attempt to schedule the depositions until December 20, 2006, and they were eventually scheduled for January 5 and 6, 2007. The plaintiff fails to state which additional depositions are necessary or why. Further, the defendants state the plaintiff has not responded to the defendants' discovery requests or filed his own initial disclosures, which were due November 30, 2006. The plaintiff did not respond to the defendants' filings.

There is no evidence counsel for the plaintiff conferred with counsel for the defendants prior to filing the motion for extension of time. Additionally, the evidence is that

the plaintiff has not been forthcoming with undergoing discovery or completing discovery responses or disclosures. The court finds the plaintiff failed to provide good cause for the inadequate discovery conducted and an extension of time. **See** Fed. R. Civ. P. 16(b); **Bradford v. DANA Corp.**, 249 F.3d 807, 809-10 (8th Cir. 2001); **see also Thorn v. Blue Cross & Blue Shield of Fla., Inc.**, 192 F.R.D. 308, 309 (M.D. Fla. 2000) ("In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'") (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Extend Deadline for discovery (Filing No. 111) is denied.

2. The defendants' Objection (Filing No. 112) is sustained.

DATED this 12th day of January, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge