# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ROBERT FLETCHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **7:05CV5024** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **BROWN COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

This matter is before the court on several motions filed by and on behalf of the plaintiff. On January 12, 2007, counsel for the plaintiff filed a motion to withdraw. **See** Filing No. 119. After review of that motion, the court allowed time for the plaintiff, Robert Fletcher, to respond until February 6, 2007. **See** Filing No. 123. Since that time Mr. Fletcher has filed several documents on his own behalf, but has yet to respond to counsel's motion to withdraw. **See** Filing Nos. 126, 130, 131, 132, 134 and 135. At the same time, the plaintiff's counsel, Phillip Wright, also continues to file documents on the plaintiff's behalf. **See** Filing Nos. 124 and 136.

At this time, Phillip Wright has not been given leave to withdraw as counsel for Mr. Fletcher. Mr. Wright is still legal counsel for Mr. Fletcher and has not yet been "relieved of applicable duties to the court, the client, and opposing counsel." Neb. Gen. R. 1.3(f). Federal Rule of Civil Procedure 11(a) states in pertinent part: "Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, **or, if the party is not represented by an attorney, shall be signed by the party**." (emphasis added). Thus, it is clear that Rule 11 contemplates either self-representation or attorney representation, but not both by the same party in the same case. In this litigation, the plaintiff has retained an attorney who has entered an appearance on the plaintiff's behalf. Therefore, in accordance with Rule 11, the attorney of record must sign all pleadings, motions and papers to be filed with the court for the plaintiff. The signature of the plaintiff's attorney is important because Rule 11 explains that by signing documents filed with the court, the attorney makes certain representations and warranties and risks exposure to sanctions for violations of Rule 11. Therefore, until the court grants Mr. Wright's motion to withdraw or substitute counsel enters an appearance

or Mr. Fletcher informs the court he wishes to proceed pro se, only Mr. Wright may represent the plaintiff in this matter or file documents on the plaintiff's behalf. Accordingly, the court will strike the following documents filed by Mr. Fletcher: Filing Nos. 130, 131, 132, 134 and 135. The defendants seek to quash subpoenas issued for the depositions of Prairie Walkling and Doug Stanton contained in Filing No. 130, because Filing No. 130 is stricken, the motions to quash are denied, as moot. Upon consideration,

**IT IS ORDERED:**

1. The Clerk of Court shall strike the following documents from the record:
    a. Notice of Depositions Pursuant to Fed.R.Civ.P. 30(B)(6) (Filing No. 130).
    b. The plaintiff's Demand for Discovery (Filing No. 131).
    c. The plaintiff's Motion to Compel (Filing No. 132).
    d. Notice of Depositions Pursuant to Fed.R.Civ.P. 30(B)(6) (Filing No. 134).
    e. The plaintiff's Motion to Extend Deadline for Discovery (Filing No. 135).
2. The defendants' motions to quash (Filing Nos. 137 and 138) are denied, as moot.
3. The Clerk of Court shall send a copy of this order to:
    Robert Fletcher
    534 North Oak
    Ainsworth, NE 69210

DATED this 22nd day of January, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge