IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ROBERT FLETCHER,** | ) | |
| | ) | |
| Plaintiff, | ) | 7:05CV5024 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **BROWN COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

This matter is before the court on several motions.

First, the plaintiff's legal counsel, Phillip G. Wright and the law firm of Wright & Associates, moved to withdraw as counsel for the plaintiff (Filing No. 119). On January 16, 2007, the court allowed the plaintiff an opportunity to respond to the motion until February 6, 2007. **See** Filing No. 123. Mr. Fletcher now states he "is completely aware of" the motion and "has absolutely no objection to that Motion." Contrary to Mr. Fletcher's assertion in his Objection to Order (Filing No. 148), his previous filings were not responsive to the court's January 16, 2007 order, which was entered to allow Mr. Fletcher a fair opportunity to respond to his counsel's motion. Based on Mr. Fletcher's January 30, 2007 statements, the court will grant Mr. Wright's request to withdraw.

Second, Mr. Fletcher filed an Objection to Order (Filing No. 148) wherein he objects to the court's January 22, 2007 order. The January 22, 2007 order required the Clerk of Court to strike several documents filed by Mr. Fletcher because while his counsel had filed a motion for leave to withdraw, the court had not yet granted the motion. Both Mr. Fletcher and his legal counsel were filing motions and other documents with the court, which could not be allowed to continue. Although it may appear to be an inefficient use of resources and an unnecessary delay, such rules are in place to protect the litigants. **See** NEGenR 1.3(f); Fed. R. Civ. P. 11. Accordingly, Mr. Fletcher's Objection to Order (Filing No. 148) is deemed a motion for reconsideration and is overruled. Similarly, the defendants' Motion to Strike (Filing No. 147) must be granted as to Filing Nos. 142 and 143. Therein, the defendants seek to strike additional documents filed by Mr. Fletcher before his counsel was given leave to withdraw. While the stricken documents filed by Mr. Fletcher were not stricken or denied on their merits, Mr. Fletcher is warned that even a *pro se* party must

comply with all local and federal rules of procedure when attempting to notice witnesses for deposition or file motions with the court. **See** NEGenR 1.3(g); **see also** *Settlemire v. Watson*, 877 F.2d 13, 14 (8th Cir. 1989).

Finally, prior to attaining leave to withdraw, counsel for the plaintiff sought reconsideration (Filing No. 136) of an earlier order (Filing No. 117) denying a request to extend discovery and other deadlines. In the latest progression order, the discovery deadline had been scheduled for January 8, 2007. **See** Filing No. 105. The defendants have until February 8, 2007, to file a motion for summary judgment based on qualified immunity. **See** Filing No. 108. The court had also set response and reply deadlines regarding any motion for qualified immunity. **See** Filing No. 108. The plaintiff initially sought a thirty day extension of the discovery deadline, but failed to show good cause for such extension due, in part to failures to meaningfully participating in discovery during November and December. **See** Filing No. 117.

The plaintiff now explains the reasons for the earlier discovery delays, including unavoidable delays in scheduling the initial depositions, delays in receiving discovery from the defendants and the breakdown between counsel and Mr. Fletcher. The defendants continue to oppose the extension of the discovery deadline or further delays in the case.[1] **See** Filing Nos. 144 and 145. The court finds under the circumstances reconsideration of the January 12, 2007 is warranted. **See** NECivR 60.1. Furthermore, the court finds the plaintiff has shown good cause for a brief extension of the deadline to complete discovery regarding the issue of qualified immunity. **See** Fed. R. Civ. P. 16(b); ***Bradford v. DANA Corp.***, 249 F.3d 807, 809-10 (8th Cir. 2001); **see also** ***Thorn v. Blue Cross & Blue Shield of Fla., Inc.***, 192 F.R.D. 308, 309 (M.D. Fla. 2000) ("In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'") (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). In an effort to decrease the delay cause by an extension of the discovery

---

[1] The defendants also seek to strike the plaintiff's reply brief (Filing No. 146) because it was not filed with the plaintiff's motion for reconsideration in accordance with NECivR 7.1. The court will consider the evidence provided with the motion and deems counsel's affidavit a sufficient substitute for a brief. **See** Filing No. 136, Exhibit 1. Additionally, the plaintiff permissibly filed a reply brief (Filing No. 146) in accordance with NECivR 7.1(c). Accordingly, the defendants' motion to strike Filing No. 146 is denied.

deadline, the defendants are free to file their motion for qualified immunity prior to the deadline set below. Upon consideration,

**IT IS ORDERED:**

1. Phillip G. Wright's motion to withdraw as counsel for the plaintiff (Filing No. 119) is granted.

2. The plaintiff is now proceeding *pro se* and counsel for the defendants may communicate with the plaintiff directly.

3. The Clerk of Court shall reassign this case to the *pro se* docket in accordance with the United States District Court for the District of Nebraska Pro Se Procedures III(C)(1).

4. Mr. Fletcher's Objection to Order (Filing No. 148) is overruled.

5. The defendants' Motion to Strike (Filing No. 147) is granted, in part and denied in part as set forth below.

6. The Clerk of Court shall strike the following documents from the record:

    a. Notice of Depositions Pursuant to Fed.R.Civ.P. 30(B)(6) (Filing No. 142).

    b. Notice of Depositions Pursuant to Fed.R.Civ.P. 30(B)(6) (Filing No. 143).

7. The plaintiff's Motion for Reconsideration (Filing No. 136) is granted.

8. Any discovery required for any motion based on qualified immunity shall be concluded on or before February 28, 2007.

9. The defendants shall file any dispositive motion based on qualified immunity **on or before March 8, 2007**. The plaintiff will have **thirty days** after the filing of such motion to file a response.

10. The Clerk of Court shall send a copy of this order to:

    Robert Fletcher
    534 North Oak
    Ainsworth, NE 69210

DATED this 31st day of January, 2007.

BY THE COURT:
s/Thomas D. Thalken
United States Magistrate Judge

3