IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT FLETCHER, | ) | 7:05CV5024 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BROWN COUNTY, CHERRY | ) | |
| COUNTY, DAVID STREICH, | ) | |
| ERIC SCOTT, STEVE HARPER, | ) | |
| and JOE KREYCIK, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Robert Fletcher ("Fletcher") alleges that his residence and place of business were unlawfully searched by the defendants during an investigation of reported child abuse involving Fletcher's infant daughter. The defendants have moved for summary judgment based on qualified immunity (only for the individual defendants) and also on the merits (for all defendants).

Before the court can address these summary judgment motions, which were filed on March 8 and 9, 2007 (filings 200, 204), numerous discovery-related motions must be resolved.

### *Filing 154*

This filing by Fletcher, which is captioned "demand for discovery," was filed on February 2, 2007, and is nearly identical to a "motion for discovery" that Fletcher filed on January 10, 2006 (filing 42). The earlier filing was denied by the court on May 24, 2006, as being procedurally improper. If intended as a discovery request, the document should not have been filed with the court under our local rules. *See*

NECivR 5.5(a). If, on the other hand, the document is intended as a motion to compel discovery, then it does not comply with the Federal Rules of Civil Procedure because there is no showing by Fletcher that the defendants have "failed to make a disclosure required by Rule 26(a)," "fail[ed] to answer an interrogatory submitted under Rule 33," or "fail[ed] to respond that inspection will be permitted as requested [under Rule 34]." Fed. R. Civ. P. 37(a)(2)(A)&(B). Thus, treating filing 154 as a motion, it will be denied. Fletcher is again reminded that he is expected to follow the rules even though he is proceeding without benefit of counsel. *See* NEGenR 1.3(g).

### *Filings 155, 182, 192*

Filing 155 is a motion to compel production of certain child abuse reports that were identified by the defendants in their Rule 26(a) initial disclosures and designated as privileged and confidential. This motion will be considered under Rule 37(a)(2)(A) and will be denied for the reason that Fletcher has failed to establish that the initial disclosure of the reports by the defendants failed to satisfy Rule 26(a), which merely requires "a description by category and location of, all documents . . . that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses . . .." Fed. R. Civ. P. 26(a)(1)(B). Fletcher has not shown that he served a request for production of the reports under Rule 34.

Filing 182 is a motion filed by Fletcher for a hearing on filing 155, in which he contends that an opposing affidavit filed by Walkling (filing 179) contains false statements. This motion will be denied. Even if there may be a dispute regarding certain facts stated in the affidavit, those facts only concern the issue of whether the designated documents are privileged or otherwise protected. There is no need to decide that issue now.

Filing 192 by Fletcher appears to be a duplicate of filing 182, but with an affidavit attached. This motion for hearing will also be denied.

### *Filing 163*

On February 2, 2007, Fletcher filed three deposition notices. One of these notices (filing 158) stated that the depositions of Doug Stanton ("Stanton"), Prairie Walkling ("Walkling"), and Aliene Clark ("Clark") would be taken on February 12, 2007, at the Brown County courthouse. Another notice (filing 157) stated that Benjamin McBride ("McBride") and Melvin Christensen ("Christensen") would be deposed on February 13, 2007, at the Cherry County courthouse. The final notice (filing 156) was for the depositions of David Streich ("Streich") and Eric Scott ("Scott") on February 20, 2007, at the Brown County courthouse.

Filing 163 is a motion for writ of mandamus to require the sheriffs of Brown County and Cherry County to serve Fletcher's subpoenas for these depositions. This motion will be denied because, among other reasons, this court's mandamus power extends only to federal officials or agencies. *See* 28 U.S.C. § 1361.

### *Filing 171*

Filing 171 is a motion for a protective order filed by the defendants with respect to all depositions noticed in filings 156, 157, and 158. The motion first objects to the notices on the ground that defense counsel would not be available for the depositions on February 12, 13, or 20, 2007; in this regard, the motion will be denied without prejudice, as moot. Concerning the notice for Clark's deposition, however, the motion also objects that Clark was already deposed by the defendants on December 27, 2006, and that Fletcher had the opportunity to ask questions at that time. This fact is established by defense counsel's affidavit (filing 172). Because the defendants have made a sufficient showing of an undue burden under Federal Rule of Civil Procedure 26(c), the motion for a protective order will be granted in part and Fletcher will be directed not to notice Clark's deposition without prior leave of court.

3

### *Filings 159, 170, 175, 183*

Filings 159 and 175 are motions to quash filed by Walkling and Stanton, respectively. The motions recite that subpoenas for the February 12th depositions were issued on January 31, 2007, but Walkling and Stanton both allege that they were not properly served, that they were not tendered witness fees, and that they were requested by the subpoenas to bring privileged or other protected materials to the depositions. Filings 170 and 183, filed by Fletcher, are styled as "motions" to deny filings 159 and 175. These opposition filings are not proper under our local rules and will be ordered stricken. *See* NECivR 7.1(b)(1)(A). Because Fletcher has not filed proof of service of the subpoenas to establish that service was accomplished prior to the scheduled date of the depositions, *see* Fed. R. Civ. P. 45(b)(3), the motions to quash will be granted.[1]

### *Filing 168*

Filing 168 is a motion to compel Walkling to produce certain documents for Fletcher's inspection. This motion will be denied because, as discussed immediately above, Fletcher has failed to establish that Walkling, a non-party,[2] was properly subpoenaed to produce the documents at a deposition.

---

[1] It is also noted that the court file does not establish that the subpoenas were issued by the clerk of the court. While an attorney as an officer of the court may also issue and sign a subpoena, *see* Fed. R. Civ. P. 45(a)(3), Fletcher, as a pro se party, is not authorized to do so.

[2] Walkling was dismissed from this action by order of the court on May 24, 2006 (filing 72.)

### *Filings 173, 174, 177*

Filing 173 is a "motion to compel service of subpoena," which may be liberally construed as an application to the clerk under Rule 45 for the issuance of a subpoena duces tecum requiring Walkling's appearance at the February 12th deposition. As thus construed, this motion will be denied without prejudice, as moot. Filing 174 is a motion requesting the court to "stamp & issue" subpoenas that allegedly were filed on February 2, 2007, for service on Walkling and Stanton. Fletcher presumably is referring to the deposition notice that was filed on that date, filing 158. Also treating filing 174 as a Rule 45 motion, it will be denied without prejudice, as moot. Filing 177 is a motion for a protective order filed by Walkling and Stanton with regard to filings 173 and 174. It too will be denied without prejudice, as moot.

### *Filings 176, 184*

Filing 176 is a motion to quash a subpoena for McBride's appearance at a deposition on February 13, 2007. Although the motion recites that it is filed pursuant to Rule 37(a), McBride has not been a party to this action since May 24, 2006. Consequently, the motion must be considered under Rule 45(c).[3] In this regard, McBride alleges that the deposition would be an undue burden, which is a legitimate ground for quashing a subpoena under Rule 45(c)(3)(A)(iv), but he has failed to make any evidentiary showing in support of this allegation. Even though the motion cannot be granted, which might offer McBride protection against having his deposition taken in the future, the denial of the motion will be without prejudice because the passage of time has effectively nullified any subpoena which may have been issued for the February 13th deposition. Filing 184 is plaintiff's "motion" to deny McBride's motion to quash. Just like filings 170 and 183, this motion will be ordered stricken.

---

[3] Unlike Walkling and Stanton, McBride does not allege a failure of service under under Rule 45(b).

### *Filings 187, 193, 194, 197*

Filing 187 is a motion filed by the defendants to compel Fletcher to file initial disclosures as required by Rule 26(a)(1) and (2), to answer interrogatories that were served on November 15, 2006, and to respond to requests for production that were also served on November 15, 2006. Filing 193 by Fletcher is captioned "objection to request for production of video" and presumably is intended as a response to one of the Rule 34 requests served by the defendants, which are not on file. As noted earlier, our local rules prohibit the filing of discovery documents "until they are needed for trial or resolution of a motion or on order of the court." NECivR 5.5(a). Thus, filing 193 will be ordered stricken from the court file.

Filing 194 is Fletcher's "motion" to deny filing 187. It will be stricken pursuant to NECivR 7.1(b)(1)(A). Filing 194 is accompanied by an evidentiary index (filing 195) and an affidavit by Fletcher (filing 196). While these documents are described as being filed in support of Fletcher's filing 194, they instead will be treated as being filed in opposition to defendants' filing 187, as authorized by NECivR 7.1(b)(2). Filing 197 is a "supplemental motion to compel discovery" that the defendants have filed in response to filings 193, 194, 195, and 196. The supplementation is an affidavit by defense counsel with attached exhibits (filing 199). The defendants have also submitted a brief in support of the supplemental motion (filing 198). Our local rules permit the moving party to "file a reply brief and index of evidence no later than five (5) business days after the non-moving party files and serves the opposing brief." NECivR 7.1(c). Because filings 198 and 199 were filed within the time permitted by the rule, the supplemental motion serves no purpose and will be denied without prejudice, as moot.[4]

---

[4] Although Fletcher did not file an opposing brief, filings 193, 194, and 195 were filed on February 20, 2007, and filing 196 was filed on February 23, 2007. Filings 198 and 199 were filed on March 1, 2007, which was 7 business days after February 20th but only 4 business days after February 23rd. In any event, 3 days for

Returning to filing 187, it does not appear that the defendants have any immediate need for the requested discovery since they have filed motions for summary judgment. For that reason, filing 187 will be denied without prejudice to refiling in the event that the defendants' summary judgment motions are denied in whole or in part.

### *Filing 203*

Filing 203 is a motion by the defendants for a one-day extension of time to file a summary judgment motion and supporting brief and evidence index on behalf of Cherry County, Joe Kreycik, and Eric Scott. Those documents (filings 204, 205, and 206) were, in fact, filed on March 9, 2007, one day after the deadline established by the court on January 31, 2007 (filing 149). This motion for enlargement of time will be granted *instanter*, and filings 204, 205, and 206 are accepted for filing.

### *Filing 207*

Filing 207 is a motion by Fletcher to extend the deadline for discovery until 30 days after the pending discovery motions have been ruled upon. As a basis for the motion, Fletcher only cites the fact that all discovery was stayed by the court on February 9, 2007. The deadline for completing limited discovery on the issue of qualified immunity was February 28, 2007 (filing 149). Considering that the court established that deadline after finding that Fletcher had made a good faith showing for extending the deadline from January 8, 2007, it does appear that the deadline should be extended for the requested 30-day period. Thus, filing 207 will be granted and additional limited discovery related to qualified immunity will be permitted.

---

service time are added to the 5-day reply period, *see* NECivR 6.1(b) and Fed. R. Civ. P. 6(e), so the filings were clearly timely. Thus, there is no need to consider the defendants' supplemental motion as a motion for enlargement of time.

## *Filing 208*

Filing 208 is a motion by Fletcher to deny the defendants' motions for summary judgment, on the grounds that discovery was stayed by the court and that the motions for summary judgment "are premature . . . because the Plaintiff has not been allowed to pursue discovery." This filing will be treated as a motion filed pursuant to Federal Rule of Civil Procedure 56(f) and, as such, will be denied for Fletcher's failure to make the required showing. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

Considering that Fletcher will have another 30 days to complete discovery related to the qualified immunity defense, he will be granted leave to respond to the defendants' summary judgment motions (filings 200, 204) within 20 days after that discovery deadline.

Accordingly,

IT IS ORDERED that:

1. Filing 154, plaintiff's demand for discovery, treated as a motion, is denied.
2. Filing 155, plaintiff's motion to compel, is denied.
3. Filing 159, Prairie Walkling's motion to quash, is granted.
4. Filing 163, plaintiff's motion for writ of mandamus, is denied.

5. Filing 168, plaintiff's motion to compel, is denied.
6. Filing 170, plaintiff's motion to deny filing 159, is stricken.
7. Filing 171, defendants' motion for a protective order, is granted in part and denied in part, as follows:
    a. The motion is granted to the extent that plaintiff shall not notice a deposition of Aliene Clark without prior court approval.
    b. In all other respects the motion is denied without prejudice.
8. Filing 173, plaintiff's motion to compel service of subpoena, is denied without prejudice.
9. Filing 174, plaintiff's motion to issue subpoenas, is denied without prejudice.
10. Filing 175, Doug Stanton's motion to quash, is granted.
11. Filing 176, Benjamin McBride's motion to quash, is denied without prejudice.
12. Filing 177, Doug Stanton's and Prairie Walkling's motion for protective order, is denied without prejudice.
13. Filing 182, plaintiff's motion for hearing, is denied.
14. Filing 183, plaintiff's motion to deny filing 175, is stricken.
15. Filing 184, plaintiff's motion to deny filing 176, is stricken.
16. Filings 187, defendants' motion to compel discovery, is denied without prejudice.
17. Filing 192, plaintiff's motion for hearing, is denied.
18. Filing 193, plaintiff's objection to defendants' request for production, is stricken.
19. Filing 194, plaintiff's motion to deny filing 187, is stricken.
20. Filing 197, defendants' supplemental motion to compel discovery, is denied without prejudice.
21. Filing 203, defendants' motion for enlargement of time, is granted *instanter*, and filings 204, 205, and 206 are accepted for filing.

22. Filing 207, plaintiff's motion to extend deadline for discovery, is granted, as follows:
    a. The stay of discovery imposed by the court on February 9, 2007 (filing 181) is lifted.
    b. Any discovery related to qualified immunity shall be concluded by **September 3, 2007**.
23. Filing 208, plaintiff's motion to deny defendants' motions for summary judgment, is denied.
24. Plaintiff shall have until **September 21, 2007,** to respond to defendants' motions for summary judgment (filings 200, 204).

DATED this 2nd day of August, 2007.

                      BY THE COURT:

                      s/ *Joseph F. Bataillon*
                      Chief United States District Judge