IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT FLETCHER, | ) | 4:05CV5024 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BROWN COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court for resolution of a dispute which arose during a deposition taking place today in Cherry County, Nebraska. The parties sought an immediate ruling on the dispute via telephone. Neither Magistrate Judge Piester nor Judge Bataillon were available for an emergency telephonic hearing.

    At Judge Bataillon's request, I held a telephonic hearing in this matter as the Supervising Pro Se Judge. Present by telephone were counsel for defendants Charles Campbell, counsel for the deponent and the Nebraska Department of Health and Human Services ("NDHHS") Monika Anderson, pro se plaintiff Robert Fletcher, deponent Prairey Walkling, and court reporter Tracy Jessel.

    Condensed and summarized, the dispute involves several lines of questioning by pro se plaintiff Robert Fletcher to a non-party deponent, Prairey Walkling. Ms. Walkling is an employee of the NDHHS. Mr. Fletcher questioned Ms. Walkling extensively about NDHHS' policies and procedures regarding child abuse investigations, statements made to abuse reporters, and other child abuse investigation polices and procedures.

    Defendants' counsel objected to these lines of questioning based on the court's previous order regarding discovery issues. (Filing No. 210.) Specifically, counsel for defendants argued that discovery was limited only to the defense of qualified immunity

and therefore discovery regarding NDHHS policies and procedures was impermissible. On the other hand, Mr. Fletcher argued that he was entitled to the discovery into the NDHHS policies because defendants may present a defense based on their following of the NDHHS policies.

Counsel for defendants assured me that defendants would not seek to present any defense related to NDHHS policies and procedures. Counsel for defendants further stated that any defense based on policies would be related not to NDHHS policies but to the policies of the individual defendants' employer.

Having heard the parties' arguments, I find that the discovery should not be permitted. Additionally, defendants are precluded from raising any defense based on the policies and procedures of the NDHHS. This ruling has no impact on other defenses which may be raised by defendants. Accordingly,

IT IS ORDERED that:

1. Discovery by Plaintiff Robert Fletcher regarding the policies and procedures of the Nebraska Department of Health and Human Services is prohibited.

2. Defendants in this matter are hereby precluded from raising any defense based on their following of the Nebraska Department of Health and Human Services policies and procedures.

3. In the event that Plaintiff does not comply with this order, the deposition will be terminated and no additional discovery will be permitted.

September 12, 2007.
                BY THE COURT:
                *s/Richard G. Kopf*
                United States District Judge
                Supervising Pro Se Judge