IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT FLETCHER, | ) | 4:05CV5024 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BROWN COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for resolution of three additional disputes which arose during two depositions taking place today in Cherry County, Nebraska. The parties sought an immediate ruling on the disputes via telephone. Neither Magistrate Judge Piester nor Judge Bataillon were available for an emergency telephonic hearing.

At Judge Bataillon's request, and because of my previous involvement in this matter, I held two separate telephonic hearings in this matter as the Supervising Pro Se Judge. Present by telephone in the first hearing were counsel for defendants Charles Campbell, pro se plaintiff Robert Fletcher, counsel for the Nebraska Department of Health and Human Services ("NDHHS") Monika Anderson, counsel for the State of Nebraska Fred Coffman, deponent Doug Stanton, and court reporter Tracy Jessel. Present by telephone at the second hearing were Charles Campbell, pro se plaintiff Robert Fletcher and court reporter Tracy Jessel.

Condensed and summarized, the first hearing addressed two issues. First, pro se plaintiff Mr. Fletcher objected to the presence of Ms. Anderson at the deposition of Mr. Stanton. Ms. Anderson attended the deposition as counsel for NDHHS, but Ms. Anderson is also a potential fact witness in this matter. Second, the parties disagree about the appropriateness of defense counsel's objections to questions

relating to specific information contained in child abuse reports and other NDHHS documents. The second hearing related to questions by Mr. Fletcher to defendant-deponent Brown County Attorney David Streich.

Regarding the presence of Ms. Anderson at Mr. Stanton's deposition, Mr. Fletcher stated that Ms. Anderson will be a fact witness in this matter. Although the parties disagree about whether Ms. Anderson is indeed a fact witness, Mr. Coffman represented to me that Ms. Anderson has agreed to be deposed in this matter on September 25, 2007 if she is subpoenaed. Although Mr. Coffman is generally available to represent the NDHHS, he is unavailable to do so today.

Having heard the parties' arguments, and given that she has agreed to be deposed, I find that Ms. Anderson is a potential fact witness and that the NDHHS should obtain independent counsel other than Ms. Anderson. To be clear, I make no ruling on whether Ms. Anderson is properly subject to a deposition in this matter. Mr. Coffman indicated that he is available to represent the NDHHS in Ms. Anderson's absence. Mr. Coffman may be present at any deposition telephonically if necessary.

The issue of objections to questions regarding the NDHHS documents is more difficult. As I understand the issue, the questions relate to specific information contained in child abuse reports and other documents. Counsel for defendants objected to the questioning, citing a Nebraska state statute which, according to Mr. Campbell, prohibits disclosure of certain information in the reports. These types of disputes are nearly impossible to resolve in the abstract. Therefore, the parties agreed that the procedure set forth in this order should be followed for resolution of this dispute.

The issue raised in the second hearing related to a line of questioning posed to defendant-deponent Mr. Streich concerning whether Mr. Streich believes the conduct

of Nebraska Department of Health and Human Services Case Worker Doug Stanton was legal or illegal. The case worker is not a party. After hearing the parties' arguments, I find that those questions should not be permitted because the attorney's opinion does not prove or disprove a fact at issue and because it is not calculated to lead to the discovery of relevant evidence. Accordingly,

IT IS ORDERED that:

1. The Nebraska Department of Health and Human Services shall obtain counsel other than Monika Anderson for the purposes of representing it in this matter.

2. The deposition of non-party Doug Stanton, scheduled to take place today, is postponed until September 24, 2007, at a time convenient to the parties. If necessary, Mr. Coffman or other counsel may appear telephonically.

3. In order to expedite resolution of whether disclosure of certain information contained in child abuse reports and other NDHHS documents is permitted, with agreement by all parties, the following procedure should be followed:

    A. Mr. Fletcher must ask all questions relating to the documents on the record during the depositions in this matter.

    B. If counsel for defendants or the NDHHS object, they should do so on the record. Such objections should be specific and should cite the relevant authority, including Nebraska state law.

    C. Within ten days after the transcription of the deposition, Mr. Fletcher may submit a motion to compel answers to the questions to which objections were made. Any motion must contain citations to the specific questions and

objections, and must be accompanied by the relevant pages of the deposition transcripts.

       D.    In the event that the parties wish to resolve this issue prior to the deposition of Mr. Stanton on September 24, 2007, they may contact Magistrate Judge Piester to schedule a hearing or to discuss the issue further.

    4.    Mr. Fletcher shall not ask any further questions of Brown County Attorney David Streich concerning Mr. Streich's opinions of the legality of the conduct of NDHHS Case Worker Doug Stanton.

September 13, 2007.        BY THE COURT:
                                    *s/Richard G. Kopf*
                                      United States District Judge
                                      Supervising Pro Se Judge