IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT FLETCHER, | ) | 7:05CV5024 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BROWN COUNTY, CHERRY COUNTY, DAVID STREICH, in his official & individual capacity, ERIC SCOTT, in his official & individual capacity, STEVE HAPNER, in his official & individual capacity, and JOE KREYCIK, in his official & individual capacity, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Pending before the court are numerous matters primarily relating to discovery. Pro se plaintiff Robert Fletcher filed an objection to order and motion to reconsider (filing no. 212), motion and amended motion to withdraw document (filing nos. 217 and 218), and two motions to extend discovery deadline. (Filing Nos. 220 and 237). Also pending are Defendant's and non-party Doug Stanton's motions for protective order (filing nos. 239 and 245) and various miscellaneous discovery motions filed by the parties. (Filing Nos. 230, 231, and 232.)

**<u>Defendants' Motion for Protective Order</u>**

The court previously limited discovery to issues involving qualified immunity. (Filing Nos. 104, 210, and 236.) The parties have engaged in extensive discovery, including numerous contentious depositions. Indeed, the parties sought the court's assistance on at least four separate occasions regarding discovery issues. (Filing Nos. 226-228 and 236.)

Defendants have now filed a motion for protective order (filing no. 239) requesting that the court prohibit Plaintiff from deposing Doug Stanton. Although Mr. Stanton was a party, he was dismissed from this matter on May 24, 2006. (Filing No. 24.) Defendants argue that Mr. Stanton's deposition should not proceed because the deadline for discovery has passed and Plaintiff has not shown good cause for extending the deadline. (Filing No. 243.) Plaintiff filed a motion to extend discovery. (Filing No. 237.)[1]

Although the parties disagree regarding the diligence with which Plaintiff has completed depositions in this matter, the parties agree that Mr. Stanton's is the only deposition yet to be taken. (Filing Nos. 237 and 240.) Mr. Stanton's deposition is scheduled for October 24, 2007 at 1:00 p.m. in Ainsworth, Nebraska. (Filing No. 238.) It appears that all parties are available on this date and time. (Filing No. 237.) Therefore, the court will permit the deposition of Doug Stanton to proceed. However, the deposition **shall be limited only to the issues of qualified immunity.** Plaintiff is cautioned that he shall abide by the court's previous orders with respect to discovery. (*See* Filing Nos. 104, 210, 226-228, and 236.) Additionally, the court will grant Defendant's protective order to the extent that Plaintiff may question Mr. Stanton for no more than one hour, not including breaks. Counsel for Defendants may appear telephonically.

Regarding Plaintiff's motion to extend discovery (filing no. 243), the court grants the motion in part. Discovery in this matter has been extended by the court and by agreement of the parties numerous times. Summary judgment motions have been pending for nearly eight months. (Filing Nos. 200 and 204.) The parties agree that the last deposition will occur on October 24, 2007. Therefore, Plaintiff shall have until October 24, 2007 to complete discovery. Plaintiff shall then have until

---

[1] Plaintiff's previous motion to extend (filing no. 220) is now moot and is therefore denied.

November 9, 2007 in which to submit a response to Defendant's motions for summary judgment. **No further extensions of these deadlines will be permitted.**

### Mr. Stanton's Motion for Protective Order

The Nebraska Department of Health and Human Services ("NDHHS"), as counsel for Mr. Stanton, filed a separate motion for protective order (filing no. 245) which seeks to limit the scope of Mr. Stanton's deposition. In particular, NDHHS requests that Mr. Stanton's deposition be limited to issues of "what he saw or heard Defendants say or do" and that Mr. Stanton not be required to produce confidential NDHHS records. (Filing No. 245.) NDHHS also seeks an order denying Plaintiff's motion to continue subpoena. (*Id.*; *see also* Filing No. 230.)

The court grants the motion for protective order. As set forth above and in the court's prior orders, Plaintiff will be permitted to depose Mr. Stanton for one hour on October 24, 2007. Plaintiff's questioning of Mr. Stanton shall relate to the issue of qualified immunity only. As with Ms. Walkling's deposition, Plaintiff **shall not** conduct discovery regarding the policies and procedures of NDHHS.[2] Plaintiff shall also abide by the court's previous discovery orders. In addition, to the extent that Plaintiff's document requests would require the production of documents prohibited from disclosure by state and federal law, such documents need not be produced at this time. On this record, the court cannot see how such documents relate to the issue of qualified immunity.

With respect to the issue of the continuance of the subpoena, the court is unclear regarding the dispute. The court is unaware of any subpoena issued to Mr.

---

[2]As set forth in the court's previous order, Defendants are precluded from raising any defense based on the theory that they followed NDHHS policies and procedures. (Filing No. 226.)

Stanton. In the court's previous orders, it quashed a subpoena issued to Mr. Stanton in accordance with the Federal Rules of Civil Procedure. (Filing No. 210 at CM/ECF p. 4.) However, it appears from the record that Defendants and NDHHS previously agreed to produce Mr. Stanton for his deposition on September 24, 2007. (Filing No. 228.) At the time, NDHHS counsel did not object to a subpoena, or question whether the service of a subpoena was necessary or proper. Plaintiff now seeks to continue the subpoena of Mr. Stanton to October 24, 2007. Because the court grants the extension of the discovery deadline, the motion to continue the subpoena is granted. If Mr. Stanton disagrees with the propriety of the original subpoena, he shall file a separate motion clearly setting forth his objections along with evidentiary support. However, on this record, the court cannot ascertain whether service of the subpoena was necessary or proper.

### **Miscellaneous Pending Motions**

Plaintiff filed his motion and amended motion to withdraw document on August 29, 2007. (Filing Nos. 217 and 218.) Plaintiff apparently seeks to withdraw the notices of depositions for certain individuals. The record reveals that all of the depositions were rescheduled by agreement of the parties. These motions are therefore denied as moot.

Plaintiff also filed a motion to reconsider this court's August 2, 2007 order. (Filing No. 212.) In his motion, Plaintiff seeks reconsideration of the court's previous rulings with respect to the production of certain documents. (Filing No. 212.) The record regarding discovery in this matter is lengthy and shows that Plaintiff seeks documents which may be prohibited from disclosure by state and federal law. (*Id.*) In light of this, the court declines to require the production of such documents at this time. Pending the court's ruling on the issue of qualified immunity, the parties may revisit this issue. Therefore, Plaintiff's motion to reconsider (filing no. 212) is denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion to extend discovery (filing no. 237) is granted in part. The deadline for completing discovery is extended to October 24, 2007. Plaintiff's response to Defendants' motions for summary judgment is due no later than November 9, 2007. **No further extensions of these deadlines will be permitted.** Plaintiff's previous motion to extend discovery deadline (filing no. 220) is denied as moot.

2. Defendants' motion for protective order (filing no. 239) is granted in part. The deposition of non-party Doug Stanton may take place on October 24, 2007 in accordance with this memorandum and order. Plaintiff shall be limited to one hour of questioning, not including breaks. Counsel for Defendants may participate by telephone if necessary.

3. Nebraska Health and Human Services' motion for protective order (filing no. 245) is granted in part. Plaintiff's questioning of Mr. Stanton shall relate to the issue of qualified immunity only. Plaintiff **shall not** conduct discovery regarding the policies and procedures of NDHHS. To the extent that Plaintiff's document requests would require the production of documents prohibited from disclosure by state and federal law, such documents need not be produced by Mr. Stanton at this time.

4. Nebraska Health and Human Services' motion for protective order (filing no. 232) is denied as moot. It appears that Ms. Anderson's deposition occurred. The court's previous order addressed the issues raised in this motion. (Filing No. 236.) Nebraska Health and Human Services' motion for protective order (filing no. 244) is denied as moot. This motion was amended and superseded by filing no. 245.

5. Plaintiff's motion and amended motion to continue subpoena (filing nos. 230 and 231) are granted in accordance with this memorandum and order. To the extent that Mr. Stanton seeks to quash a subpoena, he should file the appropriate motion along with evidentiary support, including a copy of the subpoena.

6. Plaintiff's motion and amended motion to withdraw document (filing nos. 217 and 218) are denied as moot. Plaintiff's motion to reconsider (filing no. 212) is denied.

7. All parties shall comply with the court's previous orders regarding discovery.

October 22, 2007.          BY THE COURT:


                           s/ Joseph F. Bataillon
                           Chief United States District Judge