IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT FLETCHER, | ) | 7:05CV5024 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BROWN COUNTY, CHERRY | ) | |
| COUNTY, DAVID STREICH, in his | ) | |
| official & individual capacity, ERIC | ) | |
| SCOTT, in his official & individual | ) | |
| capacity, STEVE HAPNER, in his | ) | |
| official & individual capacity, and | ) | |
| JOE KREYCIK, in his official & | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Robert Fletcher's Objection to Taxation of Costs and Motion for Judicial Review. (Filing No. 265.) Costs in the amount of $2,385.15 were taxed against Plaintiff on April 17, 2008. (Filing No. 262.) The taxed costs consist only of the cost of 10 depositions. (Filing No. 256 at CM/ECF pp. 4-5.) The court has carefully reviewed the Bill of Costs (*id.*), Plaintiff's Answer and Objection to Bill of Costs (filing no. 258), and Defendants' Response and Index in Support of Response (filing nos. 259 and 261).

Deposition costs "will be taxed in favor of the prevailing party" if the transcript of the deposition was "used in support of a motion." (*See* Bill of Costs Handbook, Section II(B)(1)(d), available at http://www.ned.uscourts.gov/forms.) Where deposition transcripts were not used in support of a motion, such costs may still be taxable if "the deposition was useful 'in assisting a resolution of the contested issues.'" (*Id.* at Section II(B). In that case, "the prevailing party must furnish evidence that the deposition was reasonably necessary to the development of the case at the time the deposition was taken." (*Id.*)

The depositions of four individuals[1] were used in support of Defendants' Motions for Summary Judgment and are therefore taxable in accordance with the Bill of Costs Handbook.  (Filing Nos. 202 and 206.)   Regarding the remaining six depositions,[2] Defendants have submitted evidence that these depositions were useful in resolving the contested issues.  Indeed, Plaintiff filed numerous motions to extend discovery, notices of deposition, and other motions seeking the depositions of these six individuals.  Throughout discovery in this matter, Plaintiff repeatedly stated that these depositions would be used as evidence and that they were necessary to resolving this issues of qualified immunity.  In fact, Plaintiff involved the court, through motion and via telephone, on more than a dozen occasions in order to complete these depositions.  In light of these facts, and the lengthy record regarding Plaintiff's demand for these six depositions, the court finds that the six depositions not submitted in support of a motion were reasonably necessary to the development of the case and are taxable costs.


IT IS THEREFORE ORDERED that:

1.      Plaintiff's Objection to Taxation of Costs and Motion for Judicial Review (filing no. 265) is denied.

2.      In accordance with filing no. 262, costs remain taxed against Plaintiff in the amount of $2,385.15.

June 26, 2008.                          BY THE COURT:


                                        s/ Joseph F. Bataillon
                                        Chief United States District Judge


---

[1]The four depositions are of Plaintiff Robert Fletcher, Aliene Clark, Joe Kreycik, and Steven Hapner.

[2]The remaining depositions are of Ben McBride, Prairey Walking, Eric Scott, Monika Anderson, David Streich, and Doug Stanton.